UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MUSTAFA MUHAMMAD                                    CIVIL ACTION

VERSUS                                              NO. 06-1420

CORNELL HUBERT, WARDEN                              SECTION "R"

### ORDER AND REASONS

This matter is before the Court to determine whether a certificate of appealability should be issued on petitioner Mustafa Muhammad's *habeas* claims under 28 U.S.C. § 2253 and Federal Rule of Appellate Procedure 22(b). For the following reasons, the Court DENIES the motion.

### I.   PROCEDURAL BACKGROUND

Petitioner is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Petitioner was tried by a jury in state court and found guilty on 17 counts of access device fraud on March 18, 1999. On April 9, 1999, the trial court denied petitioner's motion for a new trial and to reconsider the sentence and sentenced Muhammad to serve concurrent two-year

prison sentences on each count, with the two-year sentence on Count 17 to run consecutively to the other sentences.  The State also filed a multiple offender bill, charging Muhammad as a third offender.

On August 9, 1999, the state trial court held a multiple offender hearing and determined petitioner was a fourth offender and re-sentenced him on Count One to serve a life sentence, consecutive to the sentences on the other counts.  Petitioner appealed his multiple offender status to the Louisiana Fifth Circuit Court of Appeal three times, and each time the Court remanded to the trial court to conduct another hearing.  After the third appeal to the Louisiana Fifth Circuit, the State filed a writ application with the Louisiana Supreme Court, which reversed the Louisiana Fifth Circuit and overruled its own prior precedent and reinstated petitioner's fourth offender adjudication and his life sentence as to Count One.  The Louisiana Supreme Court then remanded the matter to the Louisiana Fifth Circuit.  The Louisiana Fifth Circuit amended the multiple offender adjudication of petitioner to that of third offender and affirmed the life sentence.

Petitioner filed his federal *habeas corpus* petition on March 13, 2006.  In his petition, he claimed that: (1) the trial court erred when it failed to suppress the physical evidence seized and

defendant's statements made incident to an illegal seizure and arrest; (2) the State was allowed to introduce other crimes evidence without proper notice; (3) the evidence was insufficient to support the conviction because the State failed to prove that the defendant was not authorized to use the credit card accounts; (4) the trial court erred in finding him to be a multiple offender on various grounds, including (a) unreasonable delay by the State, (b) insufficient evidence to support the adjudication as a third offender, and (c) errors patent on the record because no multiple bill was filed.  This Court denied the petition on October 22, 2007.  Petitioner now moves for a certificate of appealability on the last issue, arguing once again that the trial court erred by declaring petitioner a multiple offender based on insufficient evidence.

**II.  DISCUSSION**

The Court may not issue a certificate of appealability here because Muhammad has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).  In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).

Muhammad raises nothing new in this motion.  Having reviewed its October 22, 2007 Order dismissing petitioner's claims, the Court concludes that the record does not establish that reasonable jurists could debate the Court's resolution of the issues.  Accordingly, the Court finds that a certificate of appealability should not issue.

New Orleans, Louisiana, this 10th day of December, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE